## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL MATANKY, *et al.*,

individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

GENERAL MOTORS LLC,

        Defendant.

**2:18-cv-10601-VAR-APP**

Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## GENERAL MOTORS' MOTION TO DISMISS
## CONSOLIDATED CLASS ACTION COMPLAINT
## AND TO STRIKE CERTAIN CLASS ALLEGATIONS

General Motors LLC respectfully moves (i) to dismiss all claims in

plaintiffs' Consolidated Class Action Complaint (ECF No. 17), pursuant to Federal

Rule of Civil Procedure 12(b)(6), and, in the alternative, (ii) to strike plaintiffs'

nationwide and New York class allegations, pursuant to Federal Rules of Civil

Procedure 12(f) and 23. The grounds and legal authority are set forth in the

accompanying memorandum.

Pursuant to Local Rule 7.1(a), GM requested plaintiffs' consent to this

motion, and plaintiffs do not consent.

July 10, 2018                    Respectfully submitted,

                                 */s/ Kathleen Taylor Sooy*
                                 Kathleen Taylor Sooy
                                 April N. Ross
                                 Jared A. Levine
                                 CROWELL & MORING LLP
                                 1001 Pennsylvania Avenue, N.W.
                                 Washington, DC 20004
                                 Telephone: (202) 624-2500
                                 Fax: (202) 628-5116
                                 ksooy@crowell.com
                                 aross@crowell.com
                                 jalevine@crowell.com

                                 Daniel J. LaCombe
                                 BARRIS SOTT DENN
                                 DRIKER PLLC
                                 333 W. Fort St.
                                 Suite 1200
                                 Detroit, MI 48226
                                 Telephone: (313) 965-9725
                                 Fax: (313) 965-2493
                                 DLaCombe@bsdd.com

                                 *Counsel for General Motors LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL MATANKY, *et al.*,

individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

GENERAL MOTORS LLC,

        Defendant.

**2:18-cv-10601-VAR-APP**

Judge Victoria A. Roberts
Magistrate Judge Anthony P. Patti

## MEMORANDUM IN SUPPORT OF
## GENERAL MOTORS' MOTION TO DISMISS
## CONSOLIDATED CLASS ACTION COMPLAINT
## <u>AND TO STRIKE CLASS ALLEGATIONS</u>

<u>**TABLE OF CONTENTS**</u>

**Page**

STATEMENT OF ISSUES PRESENTED.......................................................XVII

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
  AUTHORITY .........................................................................................XIX

INTRODUCTION ........................................................................................1

STATEMENT OF FACTS .............................................................................3

LEGAL STANDARDS .................................................................................7

ARGUMENT ..............................................................................................8

I. PLAINTIFFS DO NOT PLEAD VIABLE STATE LAW IMPLIED
  WARRANTY CLAIMS. ..........................................................................8

  A. Plaintiffs Do Not Allege That Their Vehicles Were
    Unmerchantable at the Time of Sale.............................................8

  B. State Law Privity Requirements Bar Certain Plaintiffs' Implied
    Warranty Claims.........................................................................9

  C. The Tennessee Plaintiff's Implied Warranty Claim Is Time-
    Barred. ....................................................................................10

II. PLAINTIFFS DO NOT PLEAD VIABLE CLAIMS UNDER THE
  MAGNUSON-MOSS WARRANTY ACT..................................................11

  A. Plaintiffs Do Not Allege The Required State Law Claims. ...............11

  B. The Limited Warranty Does Not Cover the Alleged Design
    Defect. ....................................................................................11

  C. Certain Plaintiffs Never Sought Repairs from a GM Dealer and
    Cannot Plead Viable Warranty Claims. .........................................14

III. PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIMS FAIL
  ON MULTIPLE GROUNDS. ...................................................................14

# TABLE OF CONTENTS
(continued)

Page

A.    Plaintiffs Do Not Meet The Particularity Requirements of Rule 9(b). ...............................................................................15

B.    Plaintiffs Do Not Allege a Duty to Disclose for GM........................18

    1.    Plaintiffs Do Not Allege GM Had Knowledge of a Defect at the Time of Sale. ..................................................18

    2.    Plaintiffs Cannot Allege a Duty to Disclose Under the Laws of Certain States. ............................................20

C.    Plaintiffs Kanas, Manukyan, and Nakel Do Not Allege Injury. ........22

IV.    PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE CONSUMER PROTECTION STATUTES. ...................................23

A.    Plaintiffs Do Not Adequately Plead Consumer Protection Claims...............................................................................23

B.    Plaintiffs Do Not Allege GM's Knowledge of a Defect....................25

C.    Certain Claims Are Barred On State-Specific Grounds....................25

    1.    Georgia, South Carolina, and Tennessee Bar Consumer Class Actions.....................................................25

    2.    Colorado Prohibits Class Claims for Money Damages. ..........26

    3.    Michigan Exempts Motor Vehicle Sales. ................................26

    4.    Georgia Permits Only Prospective Injunctive Relief..............27

    5.    Ohio Has A Time Bar and Previous Violation Requirement. ..............................................................27

    6.    California Bars Injunctive Relief Where There Are Adequate Legal Remedies. .....................................................28

    7.    New York Bars Transactions Outside of New York. ..............29

**TABLE OF CONTENTS**
(continued)

Page

8.    Plaintiffs Kanas, Manukyan, and Nakel Do Not Allege
Injury. .........................................................................................29

V.    PLAINTIFFS DO NOT PLEAD VIABLE UNJUST ENRICHMENT
CLAIMS. ................................................................................................29

VI.   PLAINTIFFS' NATIONWIDE AND NEW YORK CLASS
ALLEGATIONS SHOULD BE STRICKEN. .............................................32

A.    Plaintiffs' Nationwide MMWA Claim Cannot Meet Rule 23
Requirements Because It Would Be Governed by the Disparate
Laws of Fifty States..............................................................................32

B.    Plaintiffs Lack Standing For A Nationwide Class. ...........................33

C.    The New York Class Has No Representative. ...................................34

CONCLUSION .......................................................................................................35

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ace Tree Surgery, Inc. v. Terex Corp.*,
 2017 WL 1836307 (N.D. Ga. Feb. 21, 2017).....................................................23

*Acedo v. DMAX, Ltd. and Gen. Motors LLC*,
 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ................................................13

*Advanced Pain Therapies, LLC v. Hartford Fin. Servs. Grp., Inc.*,
 2014 WL 4402800 (D.S.C. Sept. 3, 2014).........................................................23

*Am. Suzuki Motor Corp. v. Superior Court*,
 44 Cal. Rptr. 2d 526 (Ct. App. 1995) .................................................................8

*Americoach Tours, Inc. v. Detroit Diesel Corp.*,
 2005 WL 2335369 (W.D. Tenn. Sept. 23, 2005) ..............................................10

*Amin v. Mercedes-Benz USA, LLC*,
 2018 WL 1474619 (N.D. Ga. Mar. 13, 2018) ...................................................13

*Anson v. Trujillo*,
 56 P.3d 114 (Colo. App. 2002) ...........................................................................15

*Aracena v. BMW of N. Am., LLC*,
 159 A.D.3d 664 (N.Y. App. Div. 2018) ............................................................10

*U.S. ex rel. Atkins v. McInteer*,
 470 F.3d 1350 (11th Cir. 2006) .........................................................................15

*Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*,
 2010 WL 1882316 (D. Conn. May 10, 2010) ...................................................23

*Axenics, Inc. v. Turner Constr. Co.*,
 62 A.3d 754 (N.H. 2013) ....................................................................................31

*Baldwin v. Star Sci., Inc.*,
 78 F. Supp. 3d 724 (N.D. Ill. 2015)....................................................................25

*Barakezyan v. BMW of N. Am., LLC*,
   2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) ...................................................8, 28

*Baughn v. Honda Motor Co.*,
   107 Wash. 2d 127 (Wash. 1986) ...............................................................10

*Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*,
   152 F.3d 313 (4th Cir. 1998) ....................................................................10

*Beck v. FCA US LLC*,
   273 F. Supp. 3d 735 (E.D. Mich. 2017) ...................................................18

*Bellinger v. Hewlett Packard Co.*,
   2002 WL 533403 (Ohio Ct. App., April 10, 2002) ...............................15, 21

*Belville v. Ford Motor Co.*,
   13 F. Supp. 3d 528 (S.D. W. Va. 2014)....................................................18

*Berenblat v. Apple, Inc.*,
   2010 WL 1460297 (N.D. Cal. Apr. 9, 2010)..........................................19, 20

*Blake v. Career Educ. Corp.*,
   2009 WL 140742 (E.D. Mo. Jan. 20, 2009) .............................................23

*Boyer v. Diversified Consultants, Inc.*,
   306 F.R.D. 536 (E.D. Mich. 2015) ...........................................................33

*Brazil v. Janssen Research & Development LLC*,
   249 F. Supp. 3d 1321 (N.D. Ga. 2016)....................................................25

*Bryde v. Gen. Motors, LLC*,
   2016 WL 6804584 (N.D. Cal. Nov. 17, 2016) ..........................................18

*Burch v. Whirlpool Corp.*,
   2017 WL 7370988 (W.D. Mich. Sept. 28, 2017) ......................................21

*Burdt v. Whirlpool Corp.*,
   2015 WL 4647929 (N.D. Cal. Aug. 5, 2015) .............................................19

*Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*,
   94 Cal. App. 4th 151 (2001) ....................................................................29

iv

*Cantrell v. Henry Cty., by Henry Cty. Water and Sewage Auth.*,
    250 Ga. 822 (1983) ......................................................................31

*Carbone v. Nueva Constr. Grp., L.L.C.*,
    83 N.E.3d 375 (Ohio Ct. App. 2017)..........................................31

*Catrett v. Landmark Dodge, Inc.*,
    253 Ga. App. 639 ( 2002) ...........................................................27

*Chandler v. Washington Toll Bridge Auth.*,
    17 Wash. 2d 591 (1943) ...............................................................31

*Chaudoin v. Thor Motor Coach, Inc.*,
    2017 WL 3485803 (E.D. Mich. Aug. 15, 2017)...........................26

*Clark v. LG Elecs. U.S.A., Inc.*,
    2013 WL 5816410 (S.D. Cal. Oct. 29, 2013) ..............................13

*Clark v. Pa. State Police*,
    436 A.2d 1383 (Pa. 1981)............................................................31

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) .....................................................15

*Cole v. Gen. Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) .......................................................32

*Conn. Light and Power Co. v. Proctor*,
    118 A.3d 702 (Conn. Ct. App. 2015) ..........................................31

*Connick v. Suzuki Motor Co.*,
    174 Ill. 2d 482 (1996) ...........................................................15, 21

*Crisman v. Crisman*,
    85 Wash. App. 15 (1997)..............................................................15

*Curl v. Volkswagen of Am., Inc.*,
    114 Ohio St. 3d 266 (2007) .........................................................10

*Darne v. Ford Motor Co.*,
    2015 WL 9259455 (N.D. Ill. Dec. 18, 2015)...............................15

*Daugherty v. Sony Elecs., Inc.*,
   2006 WL 197090 (Tenn. Ct. App. Jan. 26, 2006) ...............................................10

*Davidson v. Apple*,
   2017 WL 976048 (N.D. Cal. Mar. 14, 2017) .....................................................12

*Davidson v. Apple, Inc.*,
   2018 WL 2325426 (N.D. Cal. May 8, 2018), *appeal filed sub nom.*,
   *Eric Siegal v, Apple Inc.*, No. 18-80060 (9th Cir. May 22, 2018).....................26

*Demaria v. Nissan N. Am., Inc.*,
   2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ...........................................................31

*Donna v. Countrywide Mortgage*,
   2015 WL 9456325 (D. Colo. Dec. 28, 2015) ................................................23, 25

*Dow Chem. Co. v. Mahlum*,
   114 Nev. 1468 (Nev. 1998) ..................................................................................21

*Dudding v. Norton Frickey & Assocs.*,
   11 P.3d 441 (Colo. 2000)......................................................................................31

*Duffie v. Mich. Grp., Inc. – Livingston*,
   2016 WL 8259511 (E.D. Mich. Jan. 15, 2016) .............................................30, 31

*Durso v. Samsung Elecs. Am., Inc.*,
   2013 WL 5947005 (D.N.J. Nov. 6, 2013) ...........................................................20

*Feliciano v. Gen. Motors LLC*,
   2016 WL 9344120 (S.D.N.Y. Mar. 31, 2016).................................................15, 18

*Ferron v. SubscriberBase Holdings, Inc.*,
   2009 WL 650731 (S.D. Ohio March 11, 2009)....................................................23

*Fid. Mortg. Corp. v. Seattle Times Co.*,
   213 F.R.D. 573 (W.D. Wash. 2003) .....................................................................23

*Finest Place, Inc. v. Skidmore*,
   477 S.W.3d 745 (Mo. App. 2016) ........................................................................15

*Finnerty v. Howmedica Osteonics Corp.*,
   2016 WL 4744130 (D. Nev. Sept. 12, 2016)........................................................10

*In re Ford, Motor Co. Speed Control Deactivation Switch Prods.*
   *Liab. Litig.*,
   2007 WL 2421480 (E.D. Mich. Aug. 24, 2007)..................................................18

*In re Ford Tailgate Litig.*,
   2014 WL 1007066 (N.D. Cal. Mar. 12, 2014) ..................................................31

*Fravel v. Ford Motor Co.*,
   973 F. Supp. 2d 651 (W.D. Va. 2013)..........................................................23, 25

*Friedlander v. PDK Labs, Inc.*,
   465 S.E.2d 670 (Ga. 1996) ..................................................................................26

*Gagne v. Vaccaro*,
   766 A.2d 416 (Conn. 2001) .................................................................................31

*Garcia v. Chrysler Grp. LLC*,
   127 F. Supp. 3d 212 (S.D.N.Y. 2015) ....................................................11, 15, 21

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
   966 F. Supp. 1525 (E.D. Mo. 1997) .........................................................8, 15, 21

*Gertz v. Toyota Motor Corp.*,
   2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) ...................................................13

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
   8 F. Supp. 3d 467 (S.D.N.Y. March 27, 2014)...................................................25

*Goshen v. Mutual Life Ins. Co. of New York*,
   98 N.Y.2d 314 (2002) .........................................................................................29

*Green v. Liberty Ins. Corp.*,
   2016 WL 1259110 (E.D. Mich. Mar. 30, 2016)...................................................7

*Greenberger v. GEICO Gen. Ins. Co.*,
   631 F.3d 392 (7th Cir. 2011) ..............................................................................23

*Greene v. BMW of N. Am.*,
   2012 WL 5986461 (D.N.J. Nov. 28, 2012) ........................................................19

*Halstead v. Motorcycle Safety Found.*,
   71 F. Supp. 2d 455 (E.D. Pa. 1999) ....................................................................31

*Hammons v. Ehney,*
    924 S.W.2d 843 (Mo. 1996) ..................................................................31

*Hangman Ridge Training Stables v. Safeco Title Ins. Co.,*
    105 Wash. 2d 778 (1986)......................................................................25

*People ex rel. Harris v. Rizzo,*
    214 Cal. App. 4th 921 (2013) ...............................................................15

*Harris v. Sand Canyon Corp.,*
    274 F.R.D. 556 (D.S.C. 2010) ..............................................................26

*Hasek v. DaimlerChrysler Corp.,*
    319 Ill. App. 3d 780 (1st Dist. 2001).....................................................13

*Hickman v. Wells Fargo Bank N.A.,*
    683 F. Supp. 2d 779 (N.D. Ill. 2010).....................................................31

*Hindsman v. Gen. Motors LLC,*
    2018 WL 2463113 (N.D. Cal. June 1, 2018)..........................................13

*Howard v. Turnbull,*
    316 S.W.3d 431 (Mo. Ct. App. 2010) ...................................................31

*In re iPhone 4S Consumer Litig.,*
    2013 WL 3829653 (N.D. Cal. July 23, 2013) ..................................23, 25

*J & K Parris Constr., Inc. v. Roe Ave., Assoc.,*
    2015 WL 3551627 (N.Y. Sup. Ct. May 19, 2015) .................................31

*Jackson v. Eddy's LI RV Ctr., Inc.,*
    845 F. Supp. 2d 523 (E.D.N.Y. 2012) .....................................................8

*Janney v. Mills,*
    944 F. Supp. 2d 806 (N.D. Cal. 2013)...................................................25

*Jensen v. Bayer AG,*
    371 Ill. App. 3d 682 (2007) ..................................................................10

*Jerkins v. McKinney,*
    533 S.W.2d 275 (Tenn. 1976) ...............................................................31

*Jimenez v. Allstate Indem. Co.*,
 2010 WL 3623176 (E.D. Mich. Sept. 15, 2010) .............................................7, 22

*Jimenez v. DaimlerChrysler Corp.*,
 269 F.3d 439 (4th Cir. 2001) .................................................................15

*Jimenez v. Ford Motor Credit Co.*,
 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015)..........................................26

*Johnson v. Nissan N. Am., Inc.*,
 272 F. Supp. 3d 1168 (N.D. Cal. 2017)...............................................34

*Kee v. Zimmer, Inc.*,
 871 F. Supp. 2d 405 (E.D. Pa. 2012)...................................................23

*Kelley v. Microsoft Corp.*,
 251 F.R.D. 544 (W.D. Wash. 2008) ....................................................31

*Kestrel Holdings I, L.L.C. v. Learjet Inc.*,
 316 F. Supp. 2d 1071 (D. Kan. 2004)..................................................15

*Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*,
 246 Ga. App. 729 (2000) ....................................................................31

*Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users
 Ass'n*,
 646 P.2d 549 (Nev. 1982)...................................................................31

*Laura v. Great Lakes Higher Ed. Guar. Corp.*,
 2018 WL 671174 (D. N.H. Feb. 1, 2018).............................................25

*League of United Latin Am. Citizens v. Bredesen*,
 500 F.3d 523 (6th Cir. 2007) ..............................................................7

*Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*,
 942 P.2d 182 (Nev. 1997)...................................................................31

*State ex rel. Lien v. House*,
 58 N.E.2d 675 (Ohio 1944) ................................................................31

*Llado-Carreno v. Guidant Corp.*,
 2011 WL 705403 (S.D. Fla. Feb. 22, 2011) ........................................23

*Loreto v. Procter & Gamble Co.*,
    515 F. App'x 576 (6th Cir. 2013) .........................................................33

*Lowe v. Mercedes Benz of N. Am., Inc.*,
    103 F.3d 118 (4th Cir. 1996) ................................................................8

*MAC Fin. Plan of Nashua, Inc. v. Stone*,
    106 N.H. 517 (1965) ...........................................................................15

*MacDonald v. Thomas M. Cooley Law Sch.*,
    724 F.3d 654 (6th Cir. 2013) ...............................................................15

*Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*,
    508 F. App'x 180 (3d Cir. 2012) .........................................................13

*McKee Foods Corp. v. Pitney Bowes, Inc.*,
    2007 WL 896153 (E.D. Tenn. March 22, 2017) ..........................23, 25

*Midwest Asphalt Coating, Inc. v. Chelsea Plaza Homes, Inc.*,
    243 P.3d 1106 (Kan. Ct. App. 2010) ..................................................31

*Miles v. Am. Honda Motor Co.*,
    2017 WL 4742193 (N.D. Ill. Oct. 19, 2017) ......................................33

*Miller v. Gen. Motors, LLC*,
    2018 WL 2740240 (E.D. Mich. June 7, 2018) .............................15, 22

*Mongold v. Woods*,
    677 S.E.2d 288 (Va. 2009) ..................................................................31

*In re Motors Liquidation Co.*,
    2013 WL 620281 (Bankr. S.D.N.Y. Feb. 19, 2013).............................13

*Munning v. Gap, Inc.*,
    238 F. Supp. 3d 1195 (N.D. Cal. 2017)...............................................29

*Myers v. BMW of N. Am., LLC*,
    2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ....................................10

*Nelson v. Nelson*,
    205 P.3d 715 (Kan. 2009) ...................................................................31

x

*New Hampshire Elec. Coop., Inc. v. Elster Solutions, LLC*,
    2017 WL 2861667 (D. N.H. July 5, 2017) .........................................................23

*Nutt Corp. v. Howell Rd., LLC*,
    721 S.E.2d 447 (S.C. Ct. App. 2011) .................................................................31

*Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*,
    865 N.E.2d 334 (Ill. Ct. App. 2007) ...................................................................8

*Oliver v. Funai Corp.*,
    2015 WL 9304541 (D.N.J. Dec. 21, 2015).........................................................19

*In re OnStar Contract Litig.*,
    600 F. Supp. 2d 861 (E.D. Mich. 2009) ............................................................15

*Oom v. Michaels Cos. Inc.*,
    2017 WL 3048540 (W.D. Mich. July 19, 2017).................................................33

*Orthoflex, Inc. v. ThermoTek, Inc.*,
    2013 WL 4045206 (N.D. Tex. Aug. 9, 2013) ....................................................13

*Oscar v. BMW of N. Am., LLC*,
    274 F.R.D. 498 (S.D.N.Y. 2011) ........................................................................33

*Ossolinski v. Ford Motor Co.*,
    2014 WL 4638171 (Conn. Super. Ct. Aug. 12, 2014).......................................10

*In re Packaged Ice Antitrust Litig.*,
    779 F. Supp. 2d 642 (E.D. Mich. 2011) .......................................................7, 34

*Peri & Sons Farms, Inc. v. Jain Irr., Inc.*,
    933 F. Supp. 2d 1279 (D. Nev. 2013)................................................................15

*Pertile v. Gen. Motors, LLC*,
    2017 WL 4237870 (D. Colo. Sept. 22, 2017)....................................................25

*Philips v. Ford Motor Co.*,
    2015 WL 4111448 (N.D. Cal. July 7, 2015) ......................................................28

*Picus v. Wal-Mart Stores, Inc.*,
    256 F.R.D. 651 (D. Nev. 2009) .........................................................................25

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) ...............................................................................33

*In re Porsche Cars*,
    880 F. Supp. 2d 801 (S.D. Ohio 2012) ...................................................10, 25, 27

*Pospisil v. Pospisil*,
    59 Conn. App. 446 ( 2000) ...................................................................................15

*Power Process Eng'g Co., Inc. v. ValvTechnologies, Inc.*,
    2016 WL 7100504 (E.D. Mich. Dec. 6, 2016) ...................................................31

*R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*,
    2008 WL 10669311 (Va. Cir. Ct. Aug. 28, 2008) ..............................................31

*Ram Int'l Inc. v. ADT Sec. Servs., Inc.*,
    2011 WL 5244936 (E.D. Mich. Nov. 3, 2011) ...................................................16

*Rasnic v. FCA US LLC*,
    2017 WL 6406880 (D. Kan. Dec. 15, 2017) .................................................32, 33

*ReMax N. Atl. v. Clark*,
    244 Ga. App. 890 (2000) ......................................................................................15

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
    683 F.3d 239 (6th Cir. 2012) ..........................................................................15, 18

*Resnick v. Hyundai Motor Am., Inc.*,
    2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) ...................................................19

*Rivera v. Ford Motor Co.*,
    2017 WL 3485815 (E.D. Mich. Aug. 15, 2017) .................................................21

*Roberts v. Carfax Inc.*,
    2016 WL 5417206 (D.S.C. Aug. 25, 2016) ........................................................25

*Rojas-Lozano v. Google, Inc.*,
    159 F. Supp. 3d 1101 (N.D. Cal. 2016) ..............................................................25

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
    2016 WL 9775018 (E.D. Mich. Oct. 21, 2016) ...........................................8, 9, 26

*Rosipko v. FCA US, LLC,*
2015 WL 8007649 (E.D. Mich. Dec. 7, 2015) ................................11, 23, 25, 32

*Sanderson v. HCA-The Healthcare Co.,*
447 F.3d 873 (6th Cir. 2006) ...........................................................................16

*Sands v. Stevens,*
437 A.2d 297 (N.H. 1981) ...............................................................................31

*Scandlyn v. McDill Columbus Corp.,*
895 S.W.2d 342 (Tenn. Ct. App. 1994)............................................................31

*Schechner v. Whirlpool Corp.,*
237 F. Supp. 3d 601 (E.D. Mich. 2017) ...............................................13, 15, 31

*Scott v. Fields,*
92 A.D.3d 666 (N.Y. App. Div. 2012) ..............................................................31

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.,*
2009 WL 937256 (N.D. Ill. Apr. 6, 2009).........................................................18

*Season Comfort Corp. v. Ben A. Borenstein Co.,*
655 N.E.2d 1065 (Ill. App. Ct. 1995) ...............................................................31

*Seaton v. TripAdvisor LLC,*
728 F.3d 592 (6th Cir. 2013) ...........................................................................16

*Shah v. Racetrac Petroleum Co.,*
338 F.3d 557 (6th Cir. 2003) ......................................................................15, 22

*Shaulis v. Nordstrom, Inc.,*
865 F.3d 1 (1st Cir. 2017)................................................................................25

*Shlesinger v. Bank of Am., N.A.,*
2012 WL 2995698 (D. Nev. July 23, 2012) ......................................................23

*Sloan v. Gen. Motors LLC,*
2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ...............................................12, 15

*Smith v. Ford Motor Co.,*
2004 WL 838063 (D. Kan. Mar. 14, 2004) .......................................................10

*Solo v. UPS Co.*,
   819 F.3d 788 (6th Cir. 2016) ...............................................................29

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*
   *HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010)................................................25

*Soto v. CarMax Auto Superstores, Inc.*,
   611 S.E.2d 108 (Ga. Ct. App. 2005).......................................................8

*Sperry v. Crompton Corp.*,
   26 A.D.3d 488 (N.Y. App. Div. 2006) ..................................................31

*Spires v. Hosp. Corp. of Am.*,
   289 F. App'x 269 (10th Cir. 2008) .......................................................31

*Sproles v. Simpson Fence Co.*,
   99 Ohio App. 3d 72 (1994) ...................................................................27

*Stewart v. Electrolux Home Prods., Inc.*,
   2018 WL 1784273 (E.D. Cal. Apr. 13, 2018) .....................................18

*Storey v. Attends Healthcare Prods., Inc.*,
   2016 WL 3125210 (E.D. Mich. June 3, 2016) ...............................18, 31

*SunGard Pub. Sector, Inc. v. Innoprise Software, Inc.*,
   2012 WL 360170 (M.D. Fla. Feb. 2, 2012).........................................25

*Swanson v. Stratos*,
   564 S.E.2d 117 (S.C. Ct. App. 2002) ...................................................31

*Szaloczi v. John R. Behrmann Revocable Tr.*,
   90 P.3d 835 (Colo. 2004) (en banc)......................................................31

*Temple v. Fleetwood Enters., Inc.*,
   133 F. App'x 254 (6th Cir. 2005) .........................................................11

*Terrill v. Electrolux Home Prods., Inc.*,
   753 F. Supp. 2d 1272 (S.D. Ga. 2010) .................................................27

*Thompson v. Jiffy Lube Intn'l, Inc.*,
   505 F. Supp. 2d 907 (D. Kan 2007)......................................................23

*Tiismann v. Linda Martin Homes Corp.*,
281 Ga. 137 (2006) ...........................................................................25

*V–Tech Servs., Inc. v. Street*,
72 A.3d 270 (Pa. Super. Ct. 2013) .....................................................15

*Van Deusen v. Snead*,
441 S.E.2d 207 (Va. 1994) .................................................................15

*Voelker v. Porsche Cars N. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) .............................................................13

*Walker v. Sunrise Pontiac-GMC Truck, Inc.*,
249 S.W.3d 301 (Tenn. 2008) ...........................................................26

*Weckhorst v. Kansas State University*,
241 F. Supp. 3d 1154 (D. Kansas 2017)............................................25

*White v. Just Born, Inc.*,
2017 WL 3130333 (W.D. Mo. July 21, 2017) ...................................25

*Whitt v. Mazda Motor of Am., Inc.*,
2011 WL 2520147 (Ohio Ct. App. June 20, 2011) ...........................13

*Williams v. Scottrade, Inc.*,
2006 WL 2077588 (E.D. Mich. July 24, 2006)...........................18, 25

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ...........................................................19

*Zanger v. Gulf Stream Coach, Inc.*,
2006 WL 1494952 (E.D. Mich. May 25, 2006) .................................11

*Zapata Fonseca v. Goya Foods Inc.*,
2016 WL 4698942 (N.D. Cal. Sept. 8, 2016).....................................28

*Zwiercan v. Gen. Motors Corp.*,
2003 WL 1848571 (Pa. Com. Pl. Mar. 18, 2003)..............................21

**Statutes and Other Authorities**

Bodisch, Gerald R., US Department of Justice, *Economic Effects of State Bans on Direct Manufacturer Sales to Car Buyers* (2009), www.justice.gov/atr/economic-effects-state-bans-direct-manufacturer-sales-car-buyers..............................................................10

Colo. Rev. Stat. § 6-1-113(2).....................................................................26

Federal Rule of Civil Procedure 8 ............................................................25

Federal Rule of Civil Procedure 9(b)...........................................2, 7, 15, 23

Federal Rule of Civil Procedure 12(b)(6) ..............................................1, 7

Federal Rule of Civil Procedure 23 ...............................................1, 3, 32

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq*...............................*passim*

New York's G.B.L. §§349-350....................................................................9

RC § 1345.09(B)....................................................................................27

Tenn. Code Ann. § 47-2-725 .....................................................................10

xvi

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.    Should this Court dismiss plaintiffs' implied warranty claims because they do not allege that their vehicles were unmerchantable (*i.e.* unfit for the ordinary purpose of transportation)?

2.    Should this Court dismiss plaintiffs' implied warranty claims in Counts 6, 14, 20, 24, 28, 40, 49, 53, 65, 69, and 73 because the applicable states' laws preclude such claims against a remote manufacturer where, as here, plaintiffs purchased a product from independent GM dealers?

3.    Should this Court dismiss plaintiffs' implied warranty claim in Count 65 because it is time barred?

4.    Should this Court dismiss plaintiffs' claims under the Magnusson-Moss Warranty Act because they have not alleged viable state law warranty claims?

5.    Should this Court dismiss plaintiffs' claims under the Magnusson-Moss Warranty Act because GM's Limited Warranty does not cover design defects?

6.    Should this Court dismiss the Magnusson-Moss Warranty Act claims of plaintiffs Manukyan, Shaigi-Neik, Matanky, Franklin, Vazquez, Grant, White, Zachacz, Kanas, Lawrence, Herold, Smith, and Nakel because they never sought repairs from an independent GM dealer and, therefore, cannot plead viable state law warranty claims?

7.    Should this Court dismiss plaintiffs' fraudulent concealment claims because they do not allege facts sufficient to establish misrepresentation, omission, reliance, causation, or injury as required by Rule 9(b)?

8.    Should this Court dismiss plaintiffs' fraudulent concealment claims for failure to allege a duty to disclose: (i) because they do not allege GM's knowledge of a defect and/or (ii) for Counts 23, 31, 35, 39, 48, 52, 60, 64, and 70, because the applicable states' laws preclude any finding of a duty to disclose on the part of a remote manufacturer?

9.    Should this Court dismiss the fraudulent concealment claims of plaintiffs Kanas, Manukyan, and Nakel because they do not allege their vehicles manifested the alleged defect, and thus have not alleged injury?

10.     Should this Court dismiss plaintiffs' consumer protection law claims because they do not adequately plead deceptive advertising, reliance, causation, or injury as required by Rule 9(b)?

11.     Should this Court dismiss plaintiffs' consumer protection law claims because they do not allege knowledge by GM of a defect?

12.     Should this Court dismiss plaintiffs' class allegations under Georgia's Fair Business Practices Act, South Carolina's Unfair Trade Practices Act, and Tennessee's Consumer Protection Act (Counts 17, 59, and 63) because those statutes preclude class actions?

13.     Should this Court dismiss plaintiffs' class damages allegations under the Colorado Consumer Protection Act (Count 8) because the statute bars class claims for money damages?

14.     Should this Court dismiss plaintiffs' claims under the Michigan Consumer Protection Act (Count 30) because the statute exempts motor vehicle sales?

15.     Should this Court dismiss plaintiffs' claims under the Georgia Uniform Deceptive Trade Practices Act (Count 18) because the complaint does not allege any basis for prospective injunctive relief?

16.     Should this Court dismiss plaintiffs' claim under the Ohio Consumer Sales Practices Act (Count 51) because it is time barred and is not based on conduct that has previously been deemed a violation?

17.     Should this Court dismiss plaintiffs' allegations under the California Unfair Competition Law and the California False Advertising Law (Counts 3 and 4) because plaintiffs have adequate legal remedies?

18.     Should this Court dismiss plaintiffs' allegations under the New York General Business Law (Counts 46 and 47) because the sole New York plaintiff (Lawrence) does not allege any transaction in New York?

19.     Should this Court dismiss the consumer protection law claims of plaintiffs Kanas, Manukyan, and Nakel because they do not allege their vehicles manifested the alleged defect, and thus have not alleged injury?

20.     Should this Court dismiss plaintiffs' unjust enrichment claims because they are precluded by an express contract or an adequate remedy at law, and also because plaintiffs do not allege they conferred any benefit directly on GM?

21.     Should this Court strike plaintiffs' nationwide class allegations under the Magnusson-Moss Warranty Act because the substantive variations in state-law warranty defeat the commonality, predominance, and superiority requirements of Rule 23?

22.     Should this Court strike plaintiffs' nationwide class allegations under the Magnusson-Moss Warranty Act because they lack standing to assert claims under the laws of the 33 states in which no named plaintiff purchased a vehicle?

23.     Should this Court strike plaintiffs' New York class allegations because the class has no representative?

General Motors answers "yes" to each of these questions.

## STATEMENT OF
## CONTROLLING OR MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authorities for the relief sought by GM

include:

1.     *Duffie v. Mich. Grp., Inc. – Livingston*, 2016 WL 8259511 (E.D. Mich. Jan. 15, 2016)

2.     Federal Rule of Civil Procedure 8

3.     Federal Rule of Civil Procedure 9(b)

4.     Federal Rule of Civil Procedure 12(b)(6)

5.     Federal Rule of Civil Procedure 23

6.     *Jimenez v. Allstate Indem. Co.*, 2010 WL 3623176 (E.D. Mich. Sept. 15, 2010)

7.     *Loreto v. Procter & Gamble Co.*, 515 F. App'x 576 (6th Cir. 2013)

8.     Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.*

9.     *Oom v. Michaels Cos. Inc.*, 2017 WL 3048540 (W.D. Mich. July 19, 2017)

xix

10.    *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642 (E.D. Mich. 2011)

11.    *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011)

12.    *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239 (6th Cir. 2012)

13.    *Rosenbaum v. Toyota Motor Sales, USA, Inc.*, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)

14.    *Rosipko v. FCA US, LLC*, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)

15.    *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601 (E.D. Mich. 2017)

16.    *Seaton v. TripAdvisor LLC*, 728 F.3d 592 (6th Cir. 2013)

17.    *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557 (6th Cir. 2003)

18.    *Solo v. UPS Co.*, 819 F.3d 788 (6th Cir. 2016)

19.    *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210 (E.D. Mich. June 3, 2016)

20.    *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254 (6th Cir. 2005)

21.    *Williams v. Scottrade, Inc.*, 2006 WL 2077588 (E.D. Mich. July 24, 2006)

# INTRODUCTION

Sophisticated auto-enthusiasts who each purchased a Chevrolet Corvette Z06 at independent dealerships now claim that their vehicles have an overheating defect when raced at high speeds. Their complaint alleges 73 separate claims under the laws of 18 states on behalf of 18 putative statewide classes of Z06 purchasers and lessees, and a federal claim under the Magnuson-Moss Warranty Act on behalf of a putative nationwide class. All claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* Ex. 1.[1] In the alternative, plaintiffs' nationwide and New York class allegations should be stricken because they lack standing and do not meet the requirements of Rule 23.

- **Implied Warranty of Merchantability**

Plaintiffs' implied warranty claims are deficient because they do not allege that their vehicles were unfit for the ordinary purpose of transportation. Also, many state laws impose privity requirements precluding implied warranty claims against remote manufacturers. The claim under Tennessee law is also time-barred.

- **Magnuson-Moss Warranty Act ("MMWA")**

Plaintiffs' "nationwide" MMWA claim alleges breach of GM's New Vehicle Limited Warranty. The MMWA claim fails because there are no viable state-law

---

[1] Attached as Exhibit 1 is a chart listing the specific and additional grounds for dismissal of the 74 causes of action, with cross-references to sections in this Memorandum.

breach of warranty claims, and because GM's Limited Warranty covers only defects in "material or workmanship" (not the alleged design defects). Additionally, plaintiffs who never sought repairs from any independent GM dealer[2] cannot state breach of warranty claims.

- **Fraudulent Concealment**

Plaintiffs' fraudulent concealment claims do not plead omission, reliance, causation or injury with the particularity required by Rule 9(b). Also, plaintiffs cannot allege a duty to disclose because they do not allege any GM knowledge of a defect at the time of sale. Plaintiffs Kanas, Manukyan, and Nakel do not plead that their vehicles manifested the alleged defect, and therefore have no injury.

- **State Consumer Protection Statutes**

Plaintiffs' state consumer protection claims fail because they do not plead deceptive advertising, reliance, causation, or injury with the particularity required by Rule 9(b). These claims also fail because plaintiffs cannot allege a duty to disclose. And again, plaintiffs Kanas, Manukyan, and Nakel have no injury without a manifested defect. Additionally, numerous claims fail on state specific grounds.

- **Unjust Enrichment**

Plaintiffs' unjust enrichment claims fail because they are barred by the

---

[2] This includes plaintiffs Manukyan, Shaigi-Neik, Matanky, Franklin, Vazquez, Grant, White, Zachacz, Kanas, Lawrence, Herold, Smith, and Nakel.

existence of an express contract (GM's express written warranty) and adequate legal remedies, and because they purchased and/or leased their vehicles from independent dealers, and thus did not engage in any transaction with, or confer any direct benefit on, GM.

- **Nationwide and New York Class Allegations**

Plaintiffs' "nationwide" class allegations under the MMWA should be stricken because the class members' claims would be governed by the laws of 50 states, and substantive variations in state law defeat the commonality, predominance, and superiority requirements of Rule 23. Plaintiffs also do not have standing to assert claims under the laws of the 33 states in which no named plaintiff purchased a vehicle.

Plaintiffs' New York class allegations should be stricken because the sole "New York" plaintiff is inadequate and not within the class definition because he did not purchase or lease a vehicle in New York.

## STATEMENT OF FACTS

Car and Driver Magazine calls the Z06 "the most amazing version of a sports car that is already amazing by anyone's measure."[3] But like any vehicle, the Z06 has limitations. Plaintiffs allege that the Z06 was designed to function optimally at ambient temperatures of no more than 86 degrees when operating at

---

[3] http://www.caranddriver.com/chevrolet/corvette-z06.

top speeds, design criteria GM has used "for generations." Compl. ¶ 180. On closed race tracks, its performance, especially at top speeds, also depends heavily on the individual driver's skill. The Z06 owner's manual gives detailed instructions for track driving. *Id.* ¶¶ 163-64. There is no allegation that these plaintiffs followed these instructions.

Plaintiffs are 23 individual consumers who each purchased a 2015 to 2017 model year Z06. Plaintiffs assert claims under the laws of 18 states. Each purchased a Z06 vehicle in the state where his claims arise except "New York Plaintiff" Lawrence, who purchased a vehicle in Maryland (*id*. ¶ 104) and later leased another vehicle in Michigan (*id*. ¶ 109). The Complaint alleges that GM markets the Z06 as "track-proven" and that GM designed the Z06 with components for closed race track operation. *Id.* ¶¶ 156-160. Plaintiffs each allege that they selected the Z06 "in part" based on unspecified statements, in unspecified print and online advertisements, from unspecified sources, on unspecified dates, which showed the Z06 on a racing track and represented that "various components" of the Z06 were "track-proven."[4] Plaintiffs also allege that the Z06's owner's manual described the vehicle's "competitive driving mode" and provided instructions for track driving. *Id*. ¶ 163.

_____

[4] *See* Compl. ¶¶ 15, 21, 27, 32, 38, 43, 48, 53, 59, 65, 70, 75, 80, 85, 91, 100, 106, 116, 121, 126, 131, 141, 146.

Plaintiffs allege that GM did not disclose details of the Z06's capability for closed track racing, which involves operating vehicles at speeds that "routinely" exceed 125 miles per hour. *Id.* ¶ 152. Plaintiffs allege that the Z06 was improperly designed such that, when raced in high ambient temperature and without regard for instructions in the owner's manual, engine overheating prevents the vehicle from sustaining maximum speeds. Plaintiffs allege the vehicle is designed to respond to overheating by entering "limp mode," a mode of operation that restricts vehicle power and operation by limiting the maximum speed, thus permitting the engine to cool down and prevent damage. *Id.* ¶¶ 1, 169. Before entering limp mode, the vehicle repeatedly alerts drivers of potential overheating so that the driver can take steps to allow the engine to cool down before resuming aggressive track driving. *Id.* ¶ 180.

Plaintiffs allege that each raced his Corvette Z06 on a closed track or at a rally event[5] and experienced overheating and "Limp Mode," except for plaintiffs Manukyan (*id.* ¶ 24), Matanky (*id.* ¶ 34), Kanas (*id.* ¶ 102), and Nakel (*id.* ¶ 123). Plaintiffs allege GM knew about this alleged "defect" but failed to disclose it in promotional material. *Id.* ¶ 173-75. Plaintiffs allege "GM had been testing Z06s on

[5] If any individual plaintiff drove their Z06 in competitive racing events, thereafter there is no warranty coverage provided for any claimed issues under the express terms of GM's New Vehicle Limited Warranty. *See* Ex. 2 at 10; Ex. 3 at 10; Ex. 4 at 10.

5

the track prior to introduction to the market and had to have discovered this defect" (Compl. ¶ 176), and GM was aware of consumer complaints on third party websites (*Id*. ¶¶ 179-191).

Plaintiffs quote a Corvette engineer saying that the Z06 is designed for racing at a maximum ambient temperature of 86 degrees, that the vehicle "will give warnings" if "the maximum recommended temperatures are reached" and that "[a] cool-down lap or two will bring operating temperatures back to a reasonable level and aggressive track driving can be resumed." *Id.* ¶ 180. Plaintiffs do *not* allege that GM made any representation that the Z06 could be driven on tracks at excessive temperatures for extended periods of time and without regard for the owner's manual instructions. Plaintiffs do *not* allege that they operated their vehicles in accordance with instructions provided in the owner's manuals. Their allegations that they drove their vehicles to the point of entering "limp mode" to protect the engine demonstrate that they did not follow these instructions.

Plaintiffs allege they will need to incur unspecified out-of-pocket expenses for unspecified "repairs" to their vehicles (apparently through aftermarket modification); their vehicles have diminished value; and they paid an unspecified "premium" for their vehicles. *Id.* ¶¶ 173-175.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim, plaintiffs' non-conclusory "factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

Claims that sound in fraud, including fraudulent concealment and statutory consumer protections claims premised on fraud allegations, must also meet the heightened pleading standard of Rule 9(b).

"When the defendant challenges class certification based solely on the allegations in the complaint, the standard is the same as that applied in deciding a motion to dismiss under Rule 12(b)(6)." *Jimenez v. Allstate Indem. Co.*, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of class certification, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Green v. Liberty Ins. Corp.*, 2016 WL 1259110, at *2 (E.D. Mich. Mar. 30, 2016) (internal citation and punctuation omitted). In a class complaint, "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657-58 (E.D. Mich. 2011).

7

**ARGUMENT**

I.   **PLAINTIFFS DO NOT PLEAD VIABLE STATE LAW IMPLIED WARRANTY CLAIMS.[6]**

    A.   **Plaintiffs Do Not Allege That Their Vehicles Were Unmerchantable at the Time of Sale.**

The implied warranty of merchantability provides for a minimum level of quality and does not "impose a general requirement that goods precisely fulfill the expectation of the buyer." *Am. Suzuki Motor Corp. v. Superior Court*, 44 Cal. Rptr. 2d 526, 529 (Ct. App. 1995); *see also Rosenbaum v. Toyota Motor Sales, USA, Inc.*, 2016 WL 9775018, at *2 (E.D. Mich. Oct. 21, 2016) ("Merchantable is not a synonym for perfect. The warranty of merchantability is that goods are of average quality in the industry" and fit for their "ordinary purpose.").

In cases involving vehicle sales, plaintiffs must plead, and ultimately prove, that the "vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1533 (E.D. Mo. 1997).[7]

Here, plaintiffs do not allege that their vehicles were not "fit for the ordinary

_____

[6] Counts 6, 10, 14, 19, 24, 28, 32, 36, 40, 44, 49, 53, 57, 61, 65, 69, 73.

[7] *See also Lowe v. Mercedes Benz of N. Am., Inc.*, 103 F.3d 118 (4th Cir. 1996); *Barakezyan v. BMW of N. Am., LLC,* 2016 WL 2840803, at *8 (C.D. Cal. Apr. 7, 2016); *Soto v. CarMax Auto Superstores, Inc.*, 611 S.E.2d 108, 110 (Ga. Ct. App. 2005); *Oggi Trattoria & Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 341 (Ill. Ct. App. 2007); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 531 (E.D.N.Y. 2012).

purpose of safe, comfortable transportation." *Rosenbaum*, 2016 WL 9775018, at

*2. Sixteen plaintiffs[8] allege that they experienced an issue with their vehicle *only*

while driving at maximum speeds on a closed track. Although seven plaintiffs

allege overheating while not on a track, they do not allege interference with their

overall ability to use their vehicles under ordinary conditions.[9]

### B. State Law Privity Requirements Bar Certain Plaintiffs' Implied Warranty Claims.

All plaintiffs purchased their vehicles from independent dealerships and had

---

[8] Compl. ¶¶ 29, 40, 45, 50, 55, 61, 67, 72, 77, 82, 87, 108, 111, 118, 133-34, 143, 148.

[9] **Presser** alleges that his car overheated *once* "on a warm summer day in moderate traffic at about 40 mph when he was driving on dangerous mountain roads," and that he continues to drive his vehicle. Compl. ¶ 17. **Manukyan** alleges that *once*, during a "spirited drive," he "noticed a substantial increase in both coolant and oil temperature and a loss of engine power" and on one separate occasion, his vehicle got "stuck in gear when he wanted to accelerate while driving on the freeway." *Id*. ¶ 23. He does not claim his vehicle is inoperable, only that he is "reluctant to enjoy the car to its fullest." *Id*. ¶ 24. **Matanky** alleges that his vehicle overheated *once* while "driving… uphill in Boulder Canyon on a hot day in the summer of 2016" but admits this has not prevented him from driving the vehicle. *Id*. ¶ 34. **DiIorio** has only experienced overheating after "15+ seconds of hard, sustained acceleration," which would entail tremendous speed given that the Z06 provides "0-60 mph acceleration in 2.95 seconds." *Id*. ¶¶ 95, 156. **Kanas** *once* experienced his vehicle overheating "on a hot day when he was in traffic," but has not stopped driving his vehicle. *Id.* ¶ 102. **Nakel** has "noticed that his vehicle heats up very quickly" and is only concerned that it will "go into Limp Mode if he drives it fast." *Id*. ¶ 123. **Herold** *once* "experienced Limp Mode due to overheating during heavy traffic on a hot day" but has not stopped driving his vehicle. *Id*. ¶ 128.

no direct transaction with GM. [10] Under their state laws requiring privity (*i.e.,* a direct commercial transaction) for implied warranty claims,[11] the claims cannot proceed (Counts 6, 14, 20, 24, 28, 40, 49, 53, 65, 69, and 73).

### C.    Tennessee Plaintiff's Implied Warranty Claim Is Time-Barred.

Plaintiff Gunes' implied warranty claim (Count 65) is time-barred under Tennessee law, which permits a manufacturer to limit any implied warranty to the duration of the express warranty. *Daugherty v. Sony Elecs., Inc.*, 2006 WL 197090, at *5 (Tenn. Ct. App. Jan. 26, 2006). The limitations period begins to run on the date of purchase. Tenn. Code Ann. § 47-2-725 ("regardless of the aggrieved

---

[10] Compl. ¶¶ 13, 19, 25, 30, 36, 41, 46, 51, 57, 63, 68, 73, 78, 83, 89, 98, 104, 114, 119, 124, 129, 139, 144. This is required by law; "direct manufacturer auto sales are prohibited in almost every state by franchise laws requiring that new cars be sold only by dealers." Gerald R. Bodisch, US Department of Justice, *Economic Effects of State Bans on Direct Manufacturer Sales to Car Buyers* (2009), www.justice.gov/atr/economic-effects-state-bans-direct-manufacturer-sales-car-buyers.

[11] *Myers v. BMW of N. Am., LLC*, 2016 WL 5897740, at *7 (N.D. Cal. Oct. 11, 2016); *Ossolinski v. Ford Motor Co.*, 2014 WL 4638171, at *5, *10 (Conn. Super. Ct. Aug. 12, 2014); *In re Porsche Cars*, 880 F. Supp. 2d 801, 844 (applying Georgia law); *Jensen v. Bayer AG*, 371 Ill. App. 3d 682 (2007); *Smith v. Ford Motor Co.*, 2004 WL 838063, at *2-3 (D. Kan. Mar. 14, 2004); *Finnerty v. Howmedica Osteonics Corp.*, 2016 WL 4744130, at *7 (D. Nev. Sept. 12, 2016); *Aracena v. BMW of N. Am., LLC*, 159 A.D.3d 664, 666 (N.Y. App. Div. 2018) *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St. 3d 266, 272 (2007); *Americoach Tours, Inc. v. Detroit Diesel Corp.*, 2005 WL 2335369, at *6 (W.D. Tenn. Sept. 23, 2005); *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc*., 152 F.3d 313, 319-321 (4th Cir. 1998) (applying Virginia law); *Baughn v. Honda Motor Co.*, 107 Wash. 2d 127, 151 (Wash. 1986).

party's lack of knowledge of the breach"). GM's Limited Warranty limits the

duration of both express and implied warranties to earlier of three years or 36,000

miles. Ex. 2 at 2, 4, 13. Gunes purchased his vehicle on December 5, 2014 (Compl.

¶ 56), but did not bring suit until May 11, 2018, more than three years later.

## II.   PLAINTIFFS DO NOT PLEAD VIABLE CLAIMS UNDER THE MAGNUSON-MOSS WARRANTY ACT.

### A.   Plaintiffs Do Not Allege The Required State Law Claims.

Plaintiffs assert a "nationwide" claim for violation of the MMWA based on

the alleged breach of GM's New Vehicle Limited Warranty ( Compl. ¶¶ 208-209)

but do not assert any state law breach of express warranty claims. An MMWA

claim, however, is "directly dependent upon a sustainable claim for breach of

warranty" under state law. *Zanger v. Gulf Stream Coach, Inc.*, 2006 WL 1494952,

at *7 (E.D. Mich. May 25, 2006) ("[I]f there exists no actionable [state law]

warranty claim, there can be no violation of the Magnuson–Moss Act."); *Temple v.*

*Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005).[12]

### B.   The Limited Warranty Does Not Cover the Alleged Design Defect.

The MMWA claim also fails because the alleged design defect is not

---

[12] *See also Rosipko v. FCA US, LLC*, 2015 WL 8007649, at *5 (E.D. Mich. Dec. 7, 2015) ("Plaintiffs have not asserted any state-law warranty claim, to say nothing of a viable state-law warranty claim"); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015) ("[t]o state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law").

covered by GM's New Vehicle Limited Warranty, which covers only defects in "material or workmanship." Ex. 2 at 4; Ex. 3 at 4; Ex. 4 at 4. *See Sloan v. Gen. Motors LLC*, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017) ("[T]he overwhelming weight of state law authority holds that design defects are not covered under" GM's Limited Warranty).

There are two distinct categories of product defects: manufacturing defects (materials and workmanship) and design defects.

> A manufacturing defect exists when an item is produced in a substandard condition, and [s]uch a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line. A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective.

*Davidson v. Apple*, 2017 WL 976048, at *11 (N.D. Cal. Mar. 14, 2017) (internal citations and quotations omitted).

Plaintiffs do not allege that any specific component of their specific Z06 vehicles failed to perform as designed. Rather, they say that (i) GM should have designed the Z06 differently so that it could sustain maximum speeds on the track for longer periods of time at higher ambient temperatures and without regard for the instructions in the owner's manual, and (ii) all of the putative class members' vehicles "share a common design defect." Compl. ¶ 209. Where a defect is alleged to exist in all vehicles, "not merely the particular vehicle owned by the [plaintiff],"

12

the claim is for an alleged design defect. *Gertz v. Toyota Motor Corp.*, 2011 WL 3681647, at *3 (C.D. Cal. Aug. 22, 2011).

An "express warranty covering materials and workmanship does not include design defects." *Clark v. LG Elecs. U.S.A., Inc.*, 2013 WL 5816410, at *7 (S.D. Cal. Oct. 29, 2013). Thus, an express warranty claim "fails as a matter of law if it alleges a design defect, but is brought under 'an express written warranty covering materials and workmanship.'" *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 613 (E.D. Mich. 2017) (dismissing MMWA claim).[13] Numerous courts have enforced the plain language of GM's warranty at the motion to dismiss stage, and specifically held that it covers only defects in "materials and workmanship" (manufacturing defects) and not design defects.[14]

---

[13] *See also Hasek v. DaimlerChrysler Corp.*, 319 Ill. App. 3d 780, 788 (1st Dist. 2001) (dismissing claim because limited warranty covered "defects in material or workmanship" and plaintiff alleged a design defect); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 527 (7th Cir. 2003); *Amin v. Mercedes-Benz USA, LLC*, 2018 WL 1474619, at *5 (N.D. Ga. Mar. 13, 2018); *Whitt v. Mazda Motor of Am., Inc.*, 2011 WL 2520147, at *3 (Ohio Ct. App. June 20, 2011); *Mack Trucks Inc. v. BorgWarner Turbo Sys., Inc.*, 508 F. App'x 180, 184 (3d Cir. 2012); *Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 4045206, at *8 (N.D. Tex. Aug. 9, 2013).

[14] *See*, *e.g. Hindsman v. Gen. Motors LLC*, 2018 WL 2463113, at *6 (N.D. Cal. June 1, 2018) ("As the New Vehicle Limited Warranties cover defects in materials or workmanship they do not cover design defects."); *In re Motors Liquidation Co.*, 2013 WL 620281, at *6 (Bankr. S.D.N.Y. Feb. 19, 2013) ("By its plain terms, the [GM] Warranty does not require New GM to repair defects caused by bad design."); *Acedo v. DMAX, Ltd. and Gen. Motors LLC*, 2015 WL 12696176, at *23 (C.D. Cal. Nov. 13, 2015) (GM warranty "clearly limits coverage to 'defects in

(continued…)

## C. Certain Plaintiffs Never Sought Repairs from a GM Dealer and Cannot Plead Viable Warranty Claims.

Certain plaintiffs[15] do not allege that they presented their vehicles to an independent GM dealer for repair. Under GM's Limited Warranty, to obtain warranty repairs, the owner must "take the vehicle to a [GM] dealer facility within the warranty period and request the needed repairs." Ex. 2 at 4; Ex. 3 at 4; Ex. 4 at 4. Courts routinely dismiss claims for breach of limited warranties where plaintiffs do not allege that they sought repairs "within the durational limits specifi[ed] in their respective [] warranties," and thus the warranty claims of these plaintiffs should be dismissed. *See In re OnStar Contract Litig.*, 600 F. Supp. 2d 861, 877 (E.D. Mich. 2009); *Miller v. Gen. Motors, LLC*, 2018 WL 2740240, at *6 (E.D. Mich. June 7, 2018).[16]

## III. PLAINTIFFS' FRAUDULENT CONCEALMENT CLAIMS FAIL ON MULTIPLE GROUNDS.[17]

To state viable fraudulent concealment claims, plaintiffs must assert that: (i)

---

(continued...)

materials and workmanship'" and does not cover design defects); *Sloan*, 2017 WL 3283998, at *8; *In re Gen. Motors Corp.*, 966 F. Supp. at 1532 ; *Feliciano v. Gen. Motors LLC*, 2016 WL 9344120, at *4 (S.D.N.Y. Mar. 31, 2016).

[15] Plaintiffs Manukyan, Shaigi-Neik, Matanky, Franklin, Vazquez, Grant, White, Zachacz, Kanas, Lawrence, Herold, Smith, and Nakel.

[16] *See also Schechner*, 237 F. Supp. 3d at 614; *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1023 (9th Cir. 2008); *Darne v. Ford Motor Co.*, 2015 WL 9259455, at *4 (N.D. Ill. Dec. 18, 2015).

[17] Counts 5, 9, 13, 19, 23, 27, 31, 35, 39, 43, 48, 52, 56, 60, 64, 68, and 72.

14

GM omitted a material fact from a specific communication; (ii) plaintiffs relied on

the omission to their detriment and/or the omission caused plaintiffs' injuries; and

(iii) GM had a duty to disclose the material fact.[18] Because these claims sound in

fraud, plaintiffs must allege them with the particularity required by Rule 9(b).

Plaintiffs do not meet these requirements.

### A.   Plaintiffs Do Not Meet The Particularity Requirements of Rule 9(b).

Rule 9(b) is designed "not only to put defendants on notice of alleged

misconduct, but also to prevent fishing expeditions…." *Republic Bank & Tr. Co. v.*

*Bear Stearns & Co.*, 683 F.3d 239, 255 (6th Cir. 2012) (internal citations and

punctuation omitted); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th

Cir. 2006) (heightened requirements prevent harm to goodwill and reputation by

---

[18] *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, (2013); *Anson v. Trujillo*, 56 P.3d 114, 119 (Colo. App. 2002); *Pospisil v. Pospisil*, 59 Conn. App. 446, 450 ( 2000); *ReMax N. Atl. v. Clark*, 244 Ga. App. 890 (2000); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500 (1996); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004); *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 665 (6th Cir. 2013) (Michigan law); *Finest Place, Inc. v. Skidmore*, 477 S.W.3d 745, 748 (Mo. App. 2016); *Peri & Sons Farms, Inc. v. Jain Irr., Inc.*, 933 F. Supp. 2d 1279, 1292 (D. Nev. 2013); *MAC Fin. Plan of Nashua, Inc. v. Stone*, 106 N.H. 517, 519 (1965); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 234 (S.D.N.Y. 2015); *Bellinger v. Hewlett Packard Co.*, 2002 WL 533403, at *5 (Ohio Ct. App., April 10, 2002) ; *V–Tech Servs., Inc. v. Street*, 72 A.3d 270, 275 (Pa. Super. Ct. 2013); *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 447– 48 (4th Cir. 2001) (South Carolina law); *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (Tennessee law); *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994); *Crisman v. Crisman*, 85 Wash. App. 15 (1997).

preventing suit that is "at best, missing some of its core underpinnings, and at worst [premised on] baseless allegations used to extract settlements").

The Sixth Circuit underscores that a fraud plaintiff must plead:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the [plaintiff], and (4) what the defendants obtained as a consequence of the fraud.

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006).

Here, plaintiffs do not identify what specific facts GM allegedly omitted about the Z06's track performance capability, when or where GM omitted those facts, or why GM had a duty to disclose them. Plaintiffs also do not say when or where they allegedly encountered any specific communication by GM, how they were misled, or what GM gained as a result. Instead, plaintiffs make vague and repetitive allegations that "the Corvette Z06 was represented to be 'track-proven' and 'the most capable track-Corvette' ever produced" in unspecified "print and online advertisements" [19] on unspecified dates (which they do not plead as an

---

[19] These statements are classic examples of sales puffery, which cannot give rise to fraud liability. *See Seaton v. TripAdvisor LLC*, 728 F.3d 592, 598 (6th Cir. 2013) ("use of 'dirtiest' amounts to rhetorical hyperbole" and "negate[s] the impression that" that marketing "is communicating assertions of fact"); *Ram Int'l Inc. v. ADT*

(continued…)

affirmative misrepresentation). Compl. ¶¶ 15, 21, 27, 32, 38, 43, 48, 53, 59, 65, 70, 75, 80, 85, 91, 100, 106, 116, 121, 126, 131, 141, 146.

These vague allegations do not plead with the required particularity the contents of the alleged communications, whether they were actually relied upon by plaintiffs, or their date, time, and place. *See In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) ("plaintiffs have the burden of alleging specifically which commercials they saw and the content of those commercials.").[20]

Without details on "'the who, what, when, where, and how' of [any] alleged omission," plaintiffs' fraudulent concealment claims should be dismissed. *Republic*, 683 F.3d at 256. *See Williams v. Scottrade, Inc.*, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (allegations of "generally" misrepresenting in "advertisements, marketing materials, and sales message" deemed insufficient); *In re Ford, Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.*, 2007 WL 2421480, at *9 (E.D. Mich. Aug. 24, 2007) (allegations "do not allege where

---

(continued…)

*Sec. Servs., Inc.*, 2011 WL 5244936, at *6 (E.D. Mich. Nov. 3, 2011) ("Defendant's statements that its products were efficient, reliable, and would protect Plaintiffs' property are examples of opinion and puffery").

[20] *Feliciano,* 2016 WL 9344120, at *14 ("Plaintiffs …do not claim that any Plaintiff viewed the advertisements"); *Belville v. Ford Motor Co.*, 13 F. Supp. 3d 528, 546 (S.D. W. Va. 2014) (despite quoting "promotional material" plaintiffs "do not say they ever saw, read, or heard these particular statements").

or when Ford made the alleged misrepresentations").

    **B.**    **Plaintiffs Do Not Allege a Duty to Disclose for GM.**

        **1.**    **Plaintiffs Do Not Allege GM Had Knowledge of a Defect at the Time of Sale.**

To state a fraudulent omission claim, a plaintiff must sufficiently allege that a defendant was aware of a defect at the time of sale. *Bryde v. Gen. Motors, LLC*, 2016 WL 6804584, at *9 (N.D. Cal. Nov. 17, 2016); s*ee also Beck v. FCA US LLC*, 273 F. Supp. 3d 735, n.10 (E.D. Mich. 2017); *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at *10 (E.D. Mich. June 3, 2016) (defendants "cannot be faulted for failing to reveal material 'facts' that did not exist").

The Complaint makes two allegations concerning GM's knowledge of the purported defect: (i) that "GM had been testing Z06s on the track prior to introduction to the market and had to have discovered this defect" (Compl. ¶ 176); and (ii) that GM had knowledge of the defect from consumer complaints on third party websites (*id*. ¶¶ 179-191). Neither allegation plausibly pleads knowledge.

Courts routinely find generic allegations based on pre-production testing, such as the allegations here, insufficient to support an inference that a defendant knew about a design defect at the product's time of sale. *See Beck*, 273 F. Supp. 3d 735 (collecting cases); *see also Stewart v. Electrolux Home Prods., Inc.*, 2018 WL 1784273, at *9 (E.D. Cal. Apr. 13, 2018) (rejecting "general allegations about []

internal testing or quality controls").[21]

Plaintiffs' allegations of a handful of complaints on third party websites are also insufficient to plead GM had knowledge of a defect at the time of sale. *Wilson*, 668 F.3d at 1147 ("Customer complaints in and of themselves [do not] adequately support an inference that a manufacturer was aware of a defect . . . ."). Even large numbers of complaints posted on the manufacturer's own website have been found insufficient because they "merely establish the fact that some consumers were complaining." *Berenblat v. Apple, Inc.*, 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010) (350 customer complaints posted on Apple's consumer website "[a]t most… establishes knowledge that there were complaints about the memory card problem" but does not establish knowledge of a defect).[22]

Even where courts have permitted plaintiffs to plead knowledge based on a

---

[21] *Burdt v. Whirlpool Corp.,* 2015 WL 4647929, at *4 (N.D. Cal. Aug. 5, 2015) ("Otherwise, any consumer could bring a [] claim merely by asserting that a manufacturer had knowledge of an alleged defect from its prerelease testing"); *Greene v. BMW of N. Am.*, 2012 WL 5986461, at *7 (D.N.J. Nov. 28, 2012) (allegations based on product testing are "ungrounded speculation"); *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012) (same).

[22] *See also Resnick v. Hyundai Motor Am., Inc.*, 2016 WL 9455016, at *13 (C.D. Cal. Nov. 14, 2016) ("these complaints merely establish that several customers had issues with their specific vehicles, not that there was a widespread defect affecting all Hyundais"); *Oliver v. Funai Corp.,* 2015 WL 9304541, *10 (D.N.J. Dec. 21, 2015) ("imputing knowledge" based upon "internet posting[s] would mean that virtually every consumer product company would be subject to fraud claims and extensive discovery"; plaintiffs would only need to allege "that a product broke once and that someone had complained about it on the internet").

combination of published consumer complaints and other facts, the complaints
must pre-date the plaintiff's purchase to support an inference of knowledge at the
time of sale. *See id.*; *Durso v. Samsung Elecs. Am., Inc.*, 2013 WL 5947005, at *10
(D.N.J. Nov. 6, 2013). Several of the plaintiffs here do not meet that requirement.[23]

### 2.   Plaintiffs Cannot Allege a Duty to Disclose Under the Laws of Certain States.

Most jurisdictions limit a duty to disclose to circumstances where the parties
have a fiduciary or quasi-fiduciary relationship. While there are some exceptions to
this rule, most of the states involved here refuse to recognize a duty to disclose
between a remote manufacturer and a consumer with no direct relationship.

Fraudulent concealment laws in Illinois, Michigan, Missouri, Nevada, New
York, Ohio, and Virginia (Counts 23, 31, 35, 39, 48, 52 and 70) do not impose a
duty to disclose on remote manufacturers for individual consumers who, like

---

[23] Plaintiffs Lawrence (Compl. ¶ 104), Gunes (¶ 129), Minarik (¶ 144), and
Jankovskis (¶ 63) purchased their vehicles before the earliest cited complaint was
published (May 17, 2015). *Id.* ¶ 181. Plaintiffs erroneously describe the date of this
post as "May 2014." But the image at ¶ 181 confirms that "May 2014" is the "join
date" of the person posting the complaint. The complaint itself is time-stamped "5-
17-2015, 10:10 pm."

Likewise, the only two cited complaints concerning the 2017 Z06 postdate the sale
or lease dates for plaintiffs Lawrence (¶ 109) and Herold (¶ 124). Plaintiffs plead
that, due to the alleged defect in the 2015 and 2016 models, GM "suspended
production of the Z06" and made design changes to the "2017 model by switching
to a new hood with larger vents and a new supercharger cover." Compl. ¶ 8. In
light of these allegations, Lawrence and Harold cannot plausibly infer knowledge
about defects in their 2017 Z06 defects from complaints about earlier model years.

plaintiffs here, purchased their products through independent retailers or dealerships. *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500–01 (1996) (Suzuki did not have duty to disclose vehicle defect where "plaintiffs had purchased [their vehicles] from an authorized Suzuki dealer").[24]

Pennsylvania law recognizes a duty for remote manufacturers, but limits it to "known serious and life threatening latent defects . . . *i.e.* those defects which are likely to cause significant bodily harm." *Zwiercan v. Gen. Motors Corp.*, 2003 WL 1848571, at *2 (Pa. Com. Pl. Mar. 18, 2003). Here, Pennsylvania plaintiff Nakel (Count 56) does not allege any life threatening latent defect; he alleges only that his "vehicle heats up very quickly and [he] is concerned that the vehicle will overheat and go into Limp Mode if he drives it fast." Compl. ¶ 123.

_____

[24] *See also Rivera v. Ford Motor Co.*, 2017 WL 3485815, at *7 (E.D. Mich. Aug. 15, 2017) (manufacturer had no "duty to disclose the alleged defective purge valve under either Florida or Michigan law"); *In re Gen. Motors Corp.*, 966 F. Supp. at 1535 (with no sales transaction between plaintiff and defendant product manufacturer, "there was no duty to disclose information to the public at large"); *Garcia*, 127 F. Supp. 3d at 237 (no duty to disclose under Michigan or New York law because "Chrysler is not alleged to have sold plaintiffs their vehicles, or engaged in any direct transaction with them"); *Bellinger v. Hewlett Packard Co.*, 2002 WL 533403, at *5 (no allegation of "any special or fiduciary relationship existed between HP and herself or other consumers that would give rise to a duty to disclose"); *Dow Chem. Co. v. Mahlum*, 114 Nev. 1468, 1487 (Nev. 1998) ("Dow Chemical had no duty to disclose . . . because it was not directly involved in the transaction from which this lawsuit arose, or any other transaction with the [plaintiffs]"); *Burch v. Whirlpool Corp.*, 2017 WL 7370988, at *5 (W.D. Mich. Sept. 28, 2017) (applying Virginia law, manufacturer "bore no duty to disclose all potential issues with its dishwashers to consumers shopping at third party stores").

South Carolina and Tennessee law restrict the duty to disclose to "three circumstances": (i) where there is a "preexisting definite fiduciary relation"; (ii) where "one party expressly reposes a trust and confidence in the other with reference to the particular transaction;" or (iii) where the transaction itself is "intrinsically fiduciary[.]" *Jimenez*, 269 F.3d at 447–48 (dismissing under South Carolina law); *Shah*, 338 F.3d at 571 (dismissing under Tennessee law). South Carolina and Tennessee plaintiffs (Counts 60, 64) do not and cannot allege any direct or fiduciary relationship or transaction with GM, and their claims do not fit within the these circumstances.

### C. Plaintiffs Kanas, Manukyan, and Nakel Do Not Allege Injury.

Plaintiffs Kanas, Manukyan, and Nakel allege fraud based on GM's failure to disclose the limp mode defect, but do not allege that their vehicles ever experienced limp mode. *See* Compl. ¶¶ 23, 102, 123 (Counts 5, 43 and 56). These plaintiffs therefore cannot establish injury as a matter of law. *See Miller*, 2018 WL 2740240, at *12 (without allegation that their "vehicle has ever malfunctioned in this fashion," plaintiffs "fail to establish that they suffered any detriment connected to GM's alleged failure to disclose the Power Liftgate Defect").

## IV.   PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE CONSUMER PROTECTION STATUTES.

### A.   Plaintiffs Do Not Adequately Plead Consumer Protection Claims.

The state consumer protection law counts[25] do not adequately plead

deceptive advertising, reliance, causation, or injury as required by Rule 9(b). *See*

*Rosipko v. FCA US, LLC*, 2015 WL 8007649, at *4 (E.D. Mich. Dec. 7, 2015)

(applying Rule 9(b) to "affirmative misrepresentations and alleged omissions"

premised on Michigan Consumer Protection Act).[26]

---

[25] Counts 2, 3, 4, 8, 12, 16, 17, 18, 22, 26, 30, 34, 38, 42, 46, 47, 51, 55, 59, 63, 67, and 71.

[26]*In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *9-10 (N.D. Cal. July 23, 2013); *Donna v. Countrywide Mortgage*, 2015 WL 9456325, at *4 (D. Colo. Dec. 28, 2015); *Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*, 2010 WL 1882316, at *9 (D. Conn. May 10, 2010); *Llado-Carreno v. Guidant Corp.*, 2011 WL 705403, at *5 (S.D. Fla. Feb. 22, 2011); *Ace Tree Surgery, Inc. v. Terex Corp.*, 2017 WL 1836307, at *3 (N.D. Ga. Feb. 21, 2017); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (Illinois law); *Thompson v. Jiffy Lube Intn'l, Inc.*, 505 F. Supp. 2d 907, 931-33 (D. Kan. 2007); *Blake v. Career Educ. Corp.*, 2009 WL 140742, at *2 (E.D. Mo. Jan. 20, 2009); *Shlesinger v. Bank of Am., N.A.*, 2012 WL 2995698, at *6 (D. Nev. July 23, 2012); *New Hampshire Elec. Coop., Inc. v. Elster Solutions, LLC*, 2017 WL 2861667, at *3 (D. N.H. July 5, 2017); *Ferron v. SubscriberBase Holdings, Inc.*, 2009 WL 650731, at *5 (S.D. Ohio March 11, 2009); *Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405, 412–13 (E.D. Pa. 2012); *Advanced Pain Therapies, LLC v. Hartford Fin. Servs. Grp., Inc.*, 2014 WL 4402800, at *3 (D.S.C. Sept. 3, 2014); *McKee Foods Corp. v. Pitney Bowes, Inc.*, 2007 WL 896153, at *5 (E.D. Tenn. March 22, 2017); *Fravel v. Ford Motor Co.*, 973 F. Supp. 2d 651, 656 (W.D. Va. 2013); *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003). New York courts do not apply Rule 9(b) to claims under the General Business Law. Plaintiff Lawrence's claims (Counts 46 and 47) are deficient under Rule 8 because they fail to plead deceptive advertising,

(continued…)

Each plaintiff must specifically allege reliance and/or causation.[27] *See*, *e.g.*

*Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013) (plaintiffs must

"identify specific advertisements and promotional materials; allege when [they]

were exposed to the materials; and explain how such materials were false or

misleading").

  Here, no plaintiff alleges personally encountering, relying on, or purchasing

a vehicle as a result of, any specific GM advertisement. Plaintiffs' conclusory

---

(continued…)

causation, or ascertainable loss, and because he does not plead any transaction in New York (*See* Section IV.B.6).

[27] Counts 2, 3, 4, 17, 22, 26, 30, 38, 42, 51, 55, and 67 require reliance and causation. *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *11 (UCL and FAL); *Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101,1112 (N.D. Cal. 2016) (CLRA); *Tiismann v. Linda Martin Homes Corp*., 281 Ga. 137, 141 ( 2006); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015) *Weckhorst v. Kansas State University*, 241 F. Supp. 3d 1154, 1177 (D. Kansas 2017); *Rosipko*, 2015 WL 8007649, at *3; *In re Porsche*, 880 F. Supp. 2d at 868; *Kee*, 871 F. Supp. 2d at 412–13; *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657-58 (D. Nev. 2009); *Laura v. Great Lakes Higher Ed. Guar. Corp.*, 2018 WL 671174, at *7 (D. N.H. Feb. 1, 2018); *Fravel v.*, 973 F. Supp. 2d at 658.

Counts 8, 12, 16, 18, 34, 46, 47, 59, 63, and 71 require only causation. *Donna*, 2015 WL 9456325, at *3; *SunGard Pub. Sector, Inc. v. Innoprise Software, Inc.*, 2012 WL 360170, at *5 (M.D. Fla. Feb. 2, 2012); *Brazil v. Janssen Research & Development LLC*, 249 F. Supp. 3d 1321, 1341 (N.D. Ga. 2016); *White v. Just Born, Inc.*, 2017 WL 3130333, at *3 (W.D. Mo. July 21, 2017); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. March 27, 2014); *Roberts v. Carfax Inc.*, 2016 WL 5417206, at *3 (D.S.C. Aug. 25, 2016); *McKee Foods Corp.*, 2007 WL 896153, at *5; *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (1986).

allegations that GM misrepresented vehicles "generally in its 'advertisements, marketing materials, and sales message'" are insufficient. *See Williams*, 2006 WL 2077588, at *7; *Rosipko*, 2015 WL 8007649, at *3 (dismissing consumer fraud claim for failure to allege "the precise content of what was represented" and "when, where, or how Plaintiffs ever heard or saw any purported representation").[28]

### B.    Plaintiffs Do Not Allege GM's Knowledge of a Defect.

Plaintiffs' consumer protection claims should be dismissed for the additional reason that they do not sufficiently allege GM's knowledge of a defect at the time of sale (*see* Section III(B)(1) above).

### C.    Certain Claims Are Barred On State-Specific Grounds.

#### 1.    Georgia, South Carolina, and Tennessee Bar Consumer Class Actions.

Georgia, South Carolina, and Tennessee preclude class actions under their

---

[28] *See also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093 (S.D. Cal. 2010) (dismissing California FAL claim where Plaintiffs failed to "identify specific advertisements, when and where they were shown, or why they were untrue"); *Baldwin*, 78 F. Supp. 3d at 738 (dismissing ICFA claim for plaintiff's failure to "identify a specific misrepresentation that he saw, the date he saw it, and where he saw it"); *Pertile v. Gen. Motors, LLC*, 2017 WL 4237870, at *9 (D. Colo. Sept. 22, 2017) ( "[plaintiff] does not even vaguely reference the time, place, or circumstances of the generically-pleaded failure to disclose"); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 13 n.6 (1st Cir. 2017) (claims based on "unspecified advertising" are "too vague to meet the [] pleading requirements of [Rule] 9(b)").

consumer protection statutes, and therefore the class action allegations under these laws fail as a matter of law (Counts 17, 59, and 63).[29]

## 2.    Colorado Prohibits Class Claims for Money Damages.

Colorado's consumer protection statute "bars class claims for money damages," (*Davidson v. Apple, Inc.*, 2018 WL 2325426, at *10 (N.D. Cal. May 8, 2018), *appeal filed sub nom.*, *Eric Siegal v, Apple Inc.*, No. 18-80060 (9th Cir. May 22, 2018); Colo. Rev. Stat. § 6-1-113(2)), and therefore the class action allegations for damages under this law fail as a matter of law (Count 8).

## 3.    Michigan Exempts Motor Vehicle Sales.

Michigan's consumer protection statute exempts motor vehicle sales, and therefore the allegations under the MCPA fail as a matter of law (Count 30). Michigan courts, including this Court, hold that motor vehicle sales are exempt from the MCPA because they are "specifically authorized under" the Michigan Vehicle code. *Jimenez v. Ford Motor Credit Co.*, 2015 WL 9318913, *6-7 (Mich. Ct. App. Dec. 22, 2015); *Chaudoin v. Thor Motor Coach, Inc.*, 2017 WL 3485803, at *24 (E.D. Mich. Aug. 15, 2017) (recreational vehicle sale exempt); *Rosenbaum*, 2016 WL 9775018, at *3 (advertising claims for Prius and "miles-per-gallon

---

[29] *See Friedlander v. PDK Labs, Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) (allowing individual actions under the FBPA "but not in a representative capacity"); *Harris v. Sand Canyon Corp.*, 274 F.R.D. 556, 565 (D.S.C. 2010)("class action suits are forbidden under the Act"); *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (TCPA precludes class actions).

estimate" exempt), *aff'd* , 708 F. App'x 242 (6th Cir. 2017).

### 4. Georgia Permits Only Prospective Injunctive Relief.

Georgia's GUDTPA provides a sole remedy of injunctive relief for future wrongs, and thus plaintiff Grant's allegations fail because he alleges no basis for a prospective injunction against GM (Count 18). *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 106 (2002); *Terrill v. Electrolux Home Prods., Inc.*, 753 F. Supp. 2d 1272, 1291–92 (S.D. Ga. 2010) (GUDTPA claim fails when "based entirely on past wrongs," and without allegation of future harm); *see also In re Porsche Cars N. Am.*, Inc., 880 F. Supp. 2d 801, 846 (S.D. Ohio 2012).

### 5. Ohio Has A Time Bar and Previous Violation Requirement.

The Ohio consumer protection statute has a two-year statute of limitations, and therefore plaintiffs' claim is time barred (Count 51). *Sproles v. Simpson Fence Co.*, 99 Ohio App. 3d 72 (1994) (R.C. 1345.10(C) provides "an absolute two-year statute of limitations for such damage actions" with no discovery exception). Ohio plaintiff Bleich purchased his vehicle on August 2, 2015 (Compl. ¶ 114), and did not bring a claim until February 20, 2018.

The Ohio statute further precludes class actions except for conduct previously deemed a violation. *In re Porsche Cars North America*, Inc., 880 F. Supp. 2d at 868 (RC § 1345.09(B) prohibits a class action unless premised on "an act or practice that was [previously] determined by a court to violate the OCSPA").

Ohio plaintiff Bleich does not meet this requirement because none of the cases identified (Complaint ¶ 757) found a vehicle manufacturer liable for omitting information about a defect in advertisements.[30]

### 6.  California Bars Injunctive Relief Where There Are Adequate Legal Remedies.

To obtain the injunctive relief plaintiffs seek under California's Unfair Competition Law (Count 3) and False Advertising Law (Count 4), they must show that there is no adequate remedy at law available. *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). Plaintiffs have adequate legal remedies in claims for fraudulent concealment, breach of implied warranty, and violation of the MMWA, and thus cannot assert UCL and FAL claims. *See, e.g., id.* at *16; *Zapata Fonseca v. Goya Foods Inc.*, 2016 WL 4698942, at *7 (N.D. Cal.

---

[30] *See Mason v. Mercedes Benz USA, LLC* (OPIF #10002382) (liability premised solely on breach of implied warranty); *State ex rel. Betty D. Montgomery v. Ford Motor Co.* (OPIF #10002123) (settlement without findings of fact or liability); *State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.* (OPIF #10002025) (same); *Bellinger v. Hewlett-Packard Co.* (OPIF #10002077) (all claims dismissed); *Borror v. MarineMax of Ohio*, (OPIF #10002388) (claim based on misrepresentation of damages to used yacht); *State ex rel. Jim Petro v. Craftmatic Organization, Inc.* (OPIF #10002347) (claims based on misrepresentation of price discounts for mattresses); *Cranford v. Joseph Airport Toyota, Inc.* (OPIF #10001586) (claims based on misrepresentation of pricing for single used vehicle); *Brown v. Spears* (OPIF #10000403) (default judgment); *Brinkman v. Mazda Motor of America, Inc*. (OPIF #10001427) (no finding of liability); *Mosley v. Performance Mitsubishi aka Automanage* (OPIF #10001326) (claims based on failure to honor services contract); *Walls v. Harry Williams dba Butch's Auto Sales* (OPIF #10001524) (default judgment).

Sept. 8, 2016); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) ("[i]t matters not that a plaintiff may have no remedy if her other claims fail.").

### 7.   New York Bars Transactions Outside of New York.

The New York consumer protection statute requires that, "the transaction in which the consumer is deceived must occur in New York." *Goshen v. Mutual Life Ins. Co. of New York*, 98 N.Y.2d 314, 324-325 (2002). Plaintiffs' claims under New York's G.B.L. §§349-350 (Counts 46 and 47) fail because the sole New York plaintiff, David Lawrence, does not allege any transaction in New York (he purchased a 2015 Z06 "in Gaithersburg, Maryland" (Compl. ¶ 104), and (ii) leased a 2017 Chevrolet Z06 "in Dearborn, Michigan" (*id*. ¶ 109)).

### 8.   Plaintiffs Kanas, Manukyan, and Nakel Do Not Allege Injury.

The consumer protection statutory claims of plaintiffs Kanas, Manukyan, and Nakel (Counts 2, 3, 4, 42, and 55) also fail because their vehicles have not actually manifested the alleged "limp mode" defect (*see supra* Section III(C)).

## V.   PLAINTIFFS DO NOT PLEAD VIABLE UNJUST ENRICHMENT CLAIMS.

Plaintiffs' unjust enrichment claims[31] fail because they allege the existence of a written warranty covering their vehicles (Compl. ¶¶ 208-11).[32] *Solo v. UPS*

---

[31] Counts 7, 11, 15, 21,25, 29, 33, 37, 41, 45, 50, 54, 58, 62, 66, 70, and 74.

[32] *See*, *e.g. Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal.

(continued…)

*Co.*, 819 F.3d 788, 796 (6th Cir. 2016); s*ee also Power Process Eng'g Co., Inc. v. ValvTechnologies, Inc.*, 2016 WL 7100504, at *4 (E.D. Mich. Dec. 6, 2016).

It is also well settled that unjust enrichment is an equitable remedy and is not available where, as here, plaintiffs have an adequate legal remedy.[33] "The plaintiff

---

(continued…)

App. 4th 151, 172 (2001); *Dudding v. Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000); *Conn. Light and Power Co. v. Proctor*, 118 A.3d 702, 705 n.7 (Conn. Ct. App. 2015); *Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 246 Ga. App. 729, 730 (2000); *Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010); *Midwest Asphalt Coating, Inc. v. Chelsea Plaza Homes, Inc.*, 243 P.3d 1106, 1110 (Kan. Ct. App. 2010); *Power Process Eng'g Co., Inc. v. ValvTechnologies, Inc.*, 2016 WL 7100504, at *4 (E.D. Mich. Dec. 6, 2016); *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010); *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997); *Axenics, Inc. v. Turner Constr. Co.*, 62 A.3d 754, 764 (N.H. 2013); *Scott v. Fields*, 92 A.D.3d 666, 669 (N.Y. App. Div. 2012)); *Carbone v. Nueva Constr. Grp., L.L.C.*, 83 N.E.3d 375, 381 (Ohio Ct. App. 2017); *Halstead v. Motorcycle Safety Found.*, 71 F. Supp. 2d 455, 459 (E.D. Pa. 1999); *Swanson v. Stratos*, 564 S.E.2d 117, 122 (S.C. Ct. App. 2002); *Scandlyn v. McDill Columbus Corp.*, 895 S.W.2d 342, 349 (Tenn. Ct. App. 1994) ; *Mongold v. Woods*, 677 S.E.2d 288, 292 (Va. 2009); *Chandler v. Washington Toll Bridge Auth.*, 17 Wash. 2d 591, 604 (1943).

[33] *See, e.g., In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014); *Szaloczi v. John R. Behrmann Revocable Tr.*, 90 P.3d 835, 842 (Colo. 2004) (en banc); *Gagne v. Vaccaro*, 766 A.2d 416, 424 (Conn. 2001) (en banc); *Cantrell v. Henry Cty., by Henry Cty. Water and Sewage Auth.*, 250 Ga. 822, 824 (1983); *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d 1065, 1071 (Ill. App. Ct. 1995); *Nelson v. Nelson*, 205 P.3d 715, 734 (Kan. 2009); *Duffie v. Mich. Grp., Inc. – Livingston* , 2016 WL 8259511, at *1 (E.D. Mich. Jan. 15, 2016); *Hammons v. Ehney*, 924 S.W.2d 843, 847 (Mo. 1996) (en banc); *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982); *Sands v. Stevens*, 437 A.2d 297, 299 (N.H. 1981); *J & K Parris Constr., Inc. v. Roe Ave., Assoc.*, 2015 WL 3551627, at *8 (N.Y. Sup. Ct. May 19,

(continued…)

30

does not have to actually recover under the legal theory for the equitable claim to be barred. Instead, the opportunity . . . to recover under a legal theory is sufficient to bar the equitable claim." *Duffie*, 2016 WL 8259511, at *17.

Finally, an unjust enrichment claim will not survive where, as here, the case involves a consumer plaintiff and a remote manufacturer. *See Storey v. Attends Healthcare Prod., Inc.*, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016) ("[w]hatever benefit [p]laintiff[] conferred on [d]efendant they conferred indirectly.")*; see also Schechner*, 237 F. Supp. 3d at 618 .[34] All plaintiffs purchased or leased vehicles from independent dealerships and thus did not confer any benefit directly on GM. *See supra* note 10.

---

(continued…)

2015); *State ex rel. Lien v. House*, 58 N.E.2d 675, 678 (Ohio 1944); *Clark v. Pa. State Police*, 436 A.2d 1383, 1385 (Pa. 1981); *Nutt Corp. v. Howell Rd., LLC*, 721 S.E.2d 447, 449 (S.C. Ct. App. 2011); *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976); *R.M. Harrison Mech. Corp. v. Decker Indus., Inc.*, 2008 WL 10669311, at *7 (Va. Cir. Ct. Aug. 28, 2008); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008).

[34] *See also Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, at *13 (N.D. Ill. Feb. 1, 2016); *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008) (applying Kansas law); *Sperry v. Crompton Corp.*, 26 A.D.3d 488, 489 (N.Y. App. Div. 2006).

31

## VI.   PLAINTIFFS' NATIONWIDE AND NEW YORK CLASS ALLEGATIONS SHOULD BE STRICKEN.

### A.   Plaintiffs' Nationwide MMWA Claim Cannot Meet Rule 23 Requirements Because It Would Be Governed by the Disparate Laws of Fifty States.

Claims for a "nationwide" class under the MMWA are facially untenable, because those claims would require viable state-law warranty claims as underpinnings (*see Rosipko*, 2015 WL 8007649, at *5), and the variation in the law of 50 states would defeat Rule 23's commonality, predominance, and superiority requirements. Variations in state warranty law include: "(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested vehicle defects, (5) whether merchantability may be presumed and (6) whether warranty protections extend to used vehicles." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007) (denying nationwide class certification); *Rasnic v. FCA US LLC*, 2017 WL 6406880, at *10 (D. Kan. Dec. 15, 2017) (striking class allegations because "[i]f a nationwide class seeks relief under the MMWA . . . , the Court would potentially have to apply different state laws to each respective plaintiff's claim. Differences in state laws governing each claim would create manageability concerns prohibiting class certification").

Under Sixth Circuit precedent, courts should resolve class certification questions on a pre-answer motion to strike basis where, as here, the asserted class

is facially improper and no amount of discovery would change the central defect.

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (striking

nationwide class because "the consumer-protection laws of the State where each

injury took place would govern these claims"). "If more than a few of the laws of

the fifty states differ . . . the district judge would face an impossible task of

instructing a jury on the relevant law." *Id*. at 948-49 (quoting *In re Am. Med. Sys.,*

*Inc.,* 75 F.3d 1069, 1085 (6th Cir. 1996)).[35] Courts generally strike nationwide

MMWA claims for this precise reason.[36]

### B.    Plaintiffs Lack Standing For A Nationwide Class.

Plaintiffs' nationwide class claim should also be stricken for the independent

---

[35] *See also Loreto v. Procter & Gamble Co.*, 515 F. App'x 576, 582 (6th Cir. 2013) (in view of *Pilgrim* "reinstating [plaintiffs' class claims under the laws of 49 states] would be futile"; *Oom v. Michaels Cos. Inc.*, 2017 WL 3048540, at *7 (W.D. Mich. July 19, 2017) (striking proposed nationwide class because "applicable state laws would vary substantially"); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538 (E.D. Mich. 2015) (where class definition is clearly legally impermissible, "fairness and efficiency require that the Court address the issue in response to" a motion to strike).

[36] *See*, *e.g.*, *Oom*, 2017 WL 3048540, at *7 (striking nationwide MMWA claim); *Rasnic*, 2017 WL 6406880, at *10 (striking class allegations because "[d]ifferences in state laws governing each [MMWA] claim would create manageability concerns"); *Miles v. Am. Honda Motor Co.*, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017) (striking nationwide MMWA allegations and noting that "[a]pplying the warranty… laws of 50 different states, or even the 4 states that the name plaintiffs represent, is unmanageable on a class-wide basis . . ."); *see also Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011) (refusing to certify "nationwide class[] under the MMWA" because "differences in state laws [would] predominate over common questions").

reason that the 23 named plaintiffs purchased vehicles in only 18 states and therefore lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury. *See In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657-58 (E.D. Mich. 2011) (dismissing claims under laws of 26 states in which no named plaintiff resided or purchased the relevant product); *see also Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (dismissing nationwide MMWA claim for lack of standing).

**C.   The New York Class Has No Representative.**

There is no named plaintiff with standing to represent the alleged New York class, defined as "[a]ll persons or entities who purchased or leased a 2015-2017 Chevrolet Corvette Z06 in the State of New York" (Complaint ¶ 192). The purported "New York Plaintiff" does not allege any purchase or lease in New York (purchase of a 2015 Z06 from dealership "in Gaithersburg, Maryland" (*id.* ¶ 104), and lease of a second 2017 Z06" from dealership "in Dearborn, Michigan" (*id.* ¶ 109)). Therefore, the New York class claims should be stricken.

## <u>CONCLUSION</u>

GM requests dismissal of all of plaintiffs' claims with prejudice or, if any claims proceed, an order striking plaintiffs' nationwide and New York class allegations.

Dated: July 10, 2018                         Respectfully submitted,


                                             */s/ Kathleen Taylor Sooy*
                                             Kathleen Taylor Sooy
                                             April N. Ross
                                             Jared A. Levine
                                             CROWELL & MORING LLP
                                             1001 Pennsylvania Avenue, N.W.
                                             Washington, DC 20004
                                             Tel: (202) 624-2500
                                             Fax: (202) 628-5116
                                             ksooy@crowell.com
                                             aross@crowell.com

                                             Daniel J. LaCombe
                                             BARRIS SOTT DENN DRIKER PLLC
                                             333 W. Fort St.
                                             Suite 1200
                                             Detroit, MI 48226
                                             Tel: (313) 965-9725
                                             Fax: (313) 965-2493
                                             DLaCombe@bsdd.com

                                             *Counsel for General Motors*
                                             *LLC*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on July 10, 2018 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy

*Counsel for General Motors LLC*